# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**COMMODITY RESOURCES, INC.,**
a Michigan Corporation,

                      Plaintiff,

No. 2:12-cv-10173
Hon. Gerald E. Rosen

vs.

**CERTAIN UNDERWRITERS AT LLOYDS,
LONDON,** a Foreign Corporation,

                      Defendant.

_____/

## OPINION AND ORDER REGARDING
## PLAINTIFF'S MOTION FOR CLARIFICATION

### I. INTRODUCTION

Following this Court's February 19, 2013 Opinion and Order granting Defendant's Motion for Summary Judgment, *Commodity Res., Inc. v. Certain Underwriters at Lloyds, London*, 2:12-cv-10173, 2013 WL 607772 (E.D. Mich. Feb. 19, 2013), Plaintiff filed the instant Motion for Clarification. In its motion, Plaintiff requests the Court: (i) state that its earlier holding does not prohibit Plaintiff from seeking its right to appraisal under the terms of the contract; and (ii) order that Plaintiff's claim be appraised using the Broad Evidence Rule. Defendant contends that this Court's February 19 ruling concluded that the initial valuation of the destroyed property was properly conducted, and that Plaintiff is now barred from contesting that valuation through the appraisal process.

1

## II. FACTUAL BACKGROUND

This case arises out of a fire that destroyed Plaintiff's building on March 19, 2011.

There is no dispute that the building was insured by Defendant at the time of the fire for

$1,000,000. The only dispute is the amount due to Plaintiff under the terms of its

insurance contract with Defendant, which provided that:

E.    Loss Conditions

* * * *

7.    Valuation

We [Defendant][1] will determine the value of Covered Property in the
event of loss or damage as follows:

a. At actual cash value as of the time of loss or damage,
except as provided in b., c., d. and e. below . . . .[2]

In the prior proceedings, Plaintiff argued that "Actual Cash Value" must be

defined as "Replacement Cost less Depreciation" and sought summary judgment against

Defendant in the amount of $1,000,000. The Court rejected this reading and granted

summary judgment in favor of Defendant. In doing so, the Court held: (i) that the policy

clearly vested the Defendant with the power to appraise the claim in the first instance, as

long as that appraisal complied with the terms of the contract, *Commodity Res.,* 2013 WL

---

[1] *See* Insurance Policy, ¶ 2, which states: "Throughout this policy the words 'you' and
'your' refer to the Named Insured shown in the Declarations. The words 'we', 'us' and
'our' refer to the Company providing this insurance."
[2] It is uncontested that sections b, c, d, and e are inapplicable to a resolution of this suit.

607772, at *3; (ii) that Plaintiff had the right to contest the accuracy of Defendant's valuation by submitting the cause to a pair of appraisers, *id.*; (iii) that Plaintiff's failure to seek an appraisal indicated that the accuracy of the valuation was not at issue, *id.*, (iv) that the term Actual Cash Value, as used in the contract, requires the application of the Broad Evidence Rule, *id.* at *5; and (v) that Defendant accurately applied the Broad Evidence Rule in appraising Plaintiff's claim, *id.* at *8.

Plaintiff now argues that its prior "Motion for Summary Judgment pursuant to FRCP 56," Dkt. #17, Pl.'s Br. 1, in which it demanded "that this Court hold as a matter of law, that Defendant is required to pay the full value of the policy," Dkt. #17, Pl.'s Br. 15, simply sought to clarify the law of the case "prior to the appraisal process commencing," Dkt. #34, Pl.'s Br. 6. Plaintiff further argues that nothing in the Court's opinion indicates "that Plaintiff has waived, or is not now entitled to seek, appraisal."

Upon reviewing the parties' submissions, the pleadings, and the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these materials, and that oral argument would not significantly aid the decision-making process. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* Local Rule 7.2(d).

## III. DISCUSSION

Plaintiff has waived its right to challenge Defendant's valuation through the appraisal process. As the Court made clear in its February 19 Opinion and Order, "by failing to seek an appraisal, as required by the contract, Plaintiff has indicated that

3

another appraiser, using the same methodology, would not come to a more favorable valuation. Thus, if Defendant has actually complied with the plain language of the policy, Plaintiff's claim should be dismissed." *Commodity Res.,* 2013 WL 607772, at *3. The Court's subsequent conclusion that "Defendant acted in compliance with Michigan law and the terms of the policy when it utilized the Broad Evidence Rule to calculate the Actual Cash Value of the Plaintiff's building at the time of loss," *id.* at *8, and dismissal of Plaintiff's Complaint should have been sufficient to notify Plaintiff of this Court's judgment that Defendant's valuation was final and in full compliance with the insurance policy and the laws of Michigan. However, in an effort to make the Court's ruling inescapably clear, the Court will expand upon its prior reasoning.

Under Michigan law, the party arguing that there has been a waiver of a contractual right to arbitration -- such as exists in this case[3] -- must demonstrate (i) knowledge of an existing right to compel arbitration, (ii) acts inconsistent with the right to arbitrate, and (iii) prejudice resulting from the inconsistent acts. *Salesin v. State Farm*

---

[3] The appraisal process, in this context, is synonymous with arbitration. *See Salesin v. State Farm Fire & Cas. Co.*, 229 Mich. App. 346, 355, 581 N.W.2d 781, 785-86 (1998) ("As was indicated previously, the insurance policy included a provision that, if the parties failed to agree on the amount of a loss, then either party could invoke a procedure where each party selected an independent appraiser and an umpire would be selected. The agreement of any two of these three individuals would ultimately determine the amount of the loss. Clearly, therefore, the insurance policy provides that disputes over the amount of a loss may be submitted to arbitration.").

*Fire & Cas. Co.*, 229 Mich. App. 346, 356, 581 N.W.2d 781, 786 (1998) (quoting *Burns v. Olde Discount Corp.*, 212 Mich. App. 576, 582, 538 N.W.2d 686 (1995)).

Beginning with whether Plaintiff had knowledge of the right to compel arbitration, the Court will take Plaintiff at its word that its prior "Motion for Summary Judgment" sought only to settle the law of the case "prior to the appraisal process commencing." Dkt. #34, Pl.'s Br. 6. This contention demonstrates that it was aware of its contractual right to appraisal, thus satisfying the first factor.

The second factor -- whether Plaintiff engaged in acts inconsistent with the right to appraisal -- was satisfied when Plaintiff chose to file this Complaint before engaging in arbitration. Commencing litigation "without seeking to invoke a right to compel arbitration constitutes a waiver of the right to arbitration." *See Salesin v. State Farm Fire & Cas. Co.*, 229 Mich. App. 346, 356, 581 N.W.2d 781, 786 (1998); *see also North West Michigan Constr., Inc. v. Stroud*, 185 Mich. App. 649, 651-52, 462 N.W.2d 804 (1990); *Hendrickson v. Moghissi*, 158 Mich. App. 290, 299-300, 404 N.W.2d 728 (1987); *WorldSource Coil Coating, Inc. v. McGraw Constr. Co.*, 946 F.2d 473, 477 (6th Cir.1991) (citing *Cencula v. Keller*, 152 Ill. App.3d 754, 105 Ill. Dec. 712, 714, 504 N.E.2d 997, 999 (1987)) ("A party's conduct amounts to waiver when the party submits arbitrable issues to a court for decision."); *Central Nat'l Ins. Co. of Omaha v. Lerner*, 856 S.W.2d 492, 494 (Tex. Ct. App. 1993) ("if a party seeking arbitration has substantially invoked the judicial process to the detriment of the other party, waiver of the right to arbitration will be found.").

Plaintiff's decision to submit an arbitrable issue to the judicial process constitutes a waiver of the right to appraisal and serves as a tacit admission that appraisal will not resolve the dispute. Or, as the Court stated in its February 19 Opinion and Order, "by failing to seek an appraisal, as required by the contract, Plaintiff has indicated that another appraiser, using the same methodology, would not come to a more favorable valuation. Thus, if Defendant has actually complied with the plain language of the policy, Plaintiff's claim should be dismissed." *Commodity Res.,* 2013 WL 607772, at *3.

The final issue is whether Defendant was prejudiced by Plaintiff's inconsistent acts. By bringing this dispute into the courts -- rather than attempting to resolve it through the contractually agreed upon, and less expensive, arbitration process -- Plaintiff has forced Defendant to expend resources litigating this case. Further, Defendant has received a judgment in its favor, affirming the propriety of its methodology and the validity of its valuation. Allowing Plaintiff to re-litigate the validity of Defendant's valuation through the appraisal process -- and, presumably, appeal an unfavorable result to this Court -- would certainly prejudice the Defendant. Plaintiff had an opportunity to challenge Defendant's valuation through the arbitration process. But rather than pursue that route, Plaintiff took a shot at receiving a windfall judgment from this Court. Plaintiff missed, at significant expense to Defendant, and in doing so waived its right to appraisal.

Finally, to the extent that Plaintiff is arguing that it never received a proper "appraisal" under the Broad Evidence Rule as an initial matter -- rather than seeking to exercise its right to an appraisal arbitration to challenge the accuracy of Defendant's initial valuation -- the Court has already ruled that Defendant's initial valuation complied

6

with the Broad Evidence Rule. As the Court stated in its February 19 Opinion and Order, "Defendant acted in compliance with Michigan law and the terms of the policy when it utilized the Broad Evidence Rule to calculate the Actual Cash Value of Plaintiff's building at the time of loss." *Commodity Res.*, 2013 WL 607772, at *8. Thus, Plaintiff's claim was appraised using the Broad Evidence Rule prior to the onset of this litigation. If Plaintiff disagreed with that valuation, it had the option to request an appraisal. Plaintiff waived this right by commencing litigation, where its Complaint was subsequently dismissed. That is the end of this matter.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff is prohibited from seeking appraisal of its claim, as it has waived its contractual right to appraisal.

IT IS FURTHER ORDERED that Plaintiff's claim has been properly valued using the Broad Evidence Rule, in compliance with the terms of the insurance policy and Michigan law.

**IT IS SO ORDERED.**

Gerald E. Rosen
Chief Judge, United States District Court

7